```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARL GAINES,                                                :

                Plaintiff,                                  :

        -against-                                           :

NEW YORK CITY DEPARTMENT OF                                 :
CORRECTION, MR. MARTIN F. HORN,
COMMISSIONER, MS. DORA B.                                   :
SCHRIRO, COMMISSIONER, WARDEN
DAVIS, DEPUTY WARDEN OF                                     :
SECURITY SCOTT, MANUFACTURERS
OF FOOT WAR ISSUED BY N.Y.C. D.O.C.,                        :

                Defendants.                                 :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

**REPORT and RECOMMENDATION**

10 Civ. 189 (RJS)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE RICHARD J. SULLIVAN, UNITED STATES DISTRICT JUDGE

On January 11, 2010, Carl Gaines ("Gaines"), proceeding pro se and in forma pauperis, brought this action pursuant to the Civil Rights Act of 1871, codified at 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights by failing to provide him proper footwear, while he was in their custody, which caused him pain and injuries. On October 18, 2011, the stipulation and order of settlement and dismissal, with prejudice, respecting the city defendants, was filed with the Clerk of Court. Pursuant to the Court's October 31, 2012 order, the city defendants provided the plaintiff with the names and addresses of vendors who provided footwear to the New York City Department of Correction, to aid the plaintiff in ascertaining the identity of the remaining defendants. In an order, dated April 24, 2012, the Court directed Gaines to show cause, in writing, why this action should not be dismissed, without prejudice, for failure to serve the summons and complaint on the remaining defendants, "Manufacturers of footwear issued by N.Y.C.D.O.C.," as required by Rule 4(m) of the Federal Rules of Civil Procedure.

1

As of the date of this order, the docket sheet, maintained by the Clerk of Court for this action, does not indicate that Gaines has filed proof of service of the summons and complaint on the remaining defendants. In addition, Gaines has not provided the Court with any writing explaining why he has not served the defendants timely.

Fed. R. Civ. P. 4(m) provides, in pertinent part, that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Since initiating the instant action, Gaines has not effected service within the original 120-day period provided by Fed. R. Civ. P. 4(m), nor has he complied with the Court's April 24, 2012 order, directing him to show cause why this action should not be dismissed. Given that dismissal for failure to serve was raised by the Court sua sponte and that the plaintiff received notice that the action against the remaining defendants might be dismissed, without prejudice, if he did not comply with the April 24, 2012 order, and Gaines failed to comply with it, dismissal pursuant to Fed. R. Civ. P. 4(m) is warranted. See Thompson v. Maldonado, 309 F.3d 107, 110 (2d Cir. 2002).

## RECOMMENDATION

For the reasons set forth above, I recommend that the instant action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 4(m).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Sullivan, 500 Pearl Street, Room 640, New York, New York 10007, and to the chambers of the undersigned, 40

Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Sullivan. *Failure to file objections within Fourteen (14) days will result in a waiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
June 12, 2012

Respectfully submitted,

*/s/ Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Carl Gaines

3